**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SAMMIE MCDONALD, JR.,

                Plaintiff,

-vs-                                          Case No.  2:08-cv-179-FtM-29SPC

GLADES ELECTRIC CO-OP,

                Defendant.

_____

**<u>ORDER</u>**

This matter comes before the Court on the Plaintiff, Sammie McDonald, Jr.'s Motion for An Extension of Time Until January 31, 2011, by which to Complete Depositions and Motion to Compel (Doc. #46) filed on October 18, 2010.  The Defendant, Glades Electric Co-Op filed its Response in Opposition (Doc. # 51) on October 25, 2010. The motion is now ripe for review.

District courts have broad discretion in managing their cases. <u>Chrysler Int'l Corp. v. Chenaly</u>, 280 F.3d 1358, 1360 (11th Cir. 2002). The broad discretion given to the court includes the management of pretrial activities such as discovery and scheduling. <u>Id.</u> (citing <u>Johnson v. Bd. of Regents of Univ. Georgia</u>, 263 F.3d 1234, 1269 (11th Cir. 2001).

The Plaintiff moves the Court to enlarge the deadline for discovery up to and including January 31, 2011.  In addition, the Plaintiff states that he wants to compel the deposition of John Coxe, the Chairman of the Board of Glades Electric Cooperative and take as many as eighteen (18) total depositions.  As grounds, the Plaintiff states that the Defendant agreed to allow eighteen (18) depositions and agreed to take said depositions in Fort Myers, Florida, but is now refusing to comply with their agreement.

The Defendant states that on September 1, 2010, the Plaintiff's Counsel conferred with Defense Counsel regarding the depositions and agreed to send the Defendant official notices of the depositions.  The Defense Counsel held open October 7th,  8th, and 11th, at the Plaintiff's request, for the scheduling of the proposed depositions.  However, the Defendant never received notices for the proposed 30(b)(6) depositions nor the topics to be covered in those depositions, and never received any subpoenas or notices for any other employees or non-parties.  The Defendant states that it agreed to managerial depositions being taken in Fort Myers, but was not aware of the other depositions nor the number of depositions to be taken and now objects to the increased number.

On September 28, 2010, the Plaintiff informed the Defendant, for the first time, that he intended to take more than ten (10) depositions including non-parties as well as non-managerial employees.  On the following day, the Defendant informed the Plaintiff's Counsel that she needed to send notice of the managerial depositions and subpoena the non-parties and non-managerial employees.  The Defendant also agreed to other dates in October for the depositions including October 7, 8, 14, 15, 18, 21, 27, 28, and 29.

Based upon the respective memoranda of law, it appears the Plaintiff caused much of the confusion and delay.  The Defendant warned the Plaintiff's Counsel several times over the summer that discovery was closing and that the depositions and discovery needed to be scheduled.  After September 1, 2010, the Parties seemed to be making progress, but the Plaintiff never scheduled the depositions, never sent proper notices, never subpoenaed the non-party employees and/or ex-employees, and never sent the topics to be covered during the 30(b)(6) depositions as required by the Federal Rules.  While it is true the Plaintiff has a right to depose witnesses, it is also incumbent on the Plaintiff's Counsel to work with the Defendant's Counsel to schedule the depositions and to

issue the subpoenas and to inform the Defendant what topics are to be covered in the 30(b)(6) depositions.

The Court will allow a brief extension of time for the depositions to take place.  However, the Plaintiff has failed to show good cause why the limit of ten (10) depositions imposed by the Federal Rules should be exceeded.   While the Court will allow the depositions to proceed, the Plaintiff must strictly comply with all of the conditions and terms of the Federal and Local Rules. The Court also finds that the Parties have an agreement to take the depositions in Fort Myers, Florida.  The Defendant argued that it was unsure of the number of depositions and that it was under the impression that only a few managerial employees would be deposed in Fort Myers.  Nevertheless, it is clear that the Defendant did agree to allow the depositions to take place in Fort Myers, and therefore good cause exists for the depositions to take place in Fort Myers, Florida.

In addition to the Motion to Extend Time and Compel Depositions, the Plaintiff also moves for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A). Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991).  At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Sammie McDonald, Jr.'s Motion for An Extension of Time Until January 31, 2011, by which to Complete Depositions and Motion to Compel (Doc. #46) is **GRANTED in part and DENIED in part.**

(1) The Plaintiff's Motion to Enlarge the Discovery deadline is **GRANTED up to November 30, 2010**.

(2) The Plaintiff's Motion to Depose John Coxe, as Chairman of the Board of Glades Electric Cooperative is **GRANTED**.

(3) The Plaintiff's Motion to Exceed the limit of ten (10) depositions imposed by the Federal Rules is **DENIED.**

(4) The depositions shall be taken in Fort Myers, Florida as agreed upon by the Parties.

(5) The Plaintiff's Motion for Sanctions is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record