UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMIE MCDONALD, JR.,

                Plaintiff,

vs.                          Case No.  2:08-cv-179-FtM-29SPC

GLADES ELECTRIC CO-OP,

                Defendant.
_____

## OPINION AND ORDER

This is an employment discrimination action in which plaintiff asserts that defendant unlawfully terminated him from his employment on the basis of his age in violation of the Age Discrimination in Employment Act (ADEA) and his race in violation of Title VII of the Civil Rights Act.  On January 28, 2011, defendant filed a Case-Dispositive Motion for Summary Judgment and Supporting Memorandum of Law (Doc. #55).  Plaintiff filed an opposition (Doc. #66) on February 11, 2011 and a cross motion for summary judgment on February 17, 2011 (Doc. #69).  Defendant filed an opposition (Doc. #72) to plaintiff's motion on March 3, 2011.  With the permission of the Court, plaintiff filed a reply (Doc. #83) and defendant filed a sur-reply (Doc. #89).

Additionally, on June 16, 2011, the Court entered an Order (Doc. #123) allowing plaintiff to supplement his motion for summary judgment to include additional "comparator" evidence related to his

claims.  Plaintiff filed his supplement (Doc. #126) on July 2, 2011 and defendant filed its response (Doc. #127) on July 11, 2011.

### I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Baby Buddies, Inc. v. Toys R Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted).  A fact is "material" if it may affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).  To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which

-2-

that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999), quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts"). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

Defendant Glades Electric Cooperative (defendant or Cooperative) is a nonprofit entity in the business of providing electric utility service to over 16,000 members throughout

Highlands, Glades, Okeechoobee and Hendry Counties, Florida. Plaintiff, Sammie McDonald Jr. (Plaintiff or McDonald), is a 64-year old African American who has worked for the Cooperative since 1984.  Plaintiff began as a Groundman, then became an Apprentice Lineman, Lineman, and eventually a Lead Lineman.  As a Lead Lineman, Plaintiff oversaw one of two line crews operating out the Cooperative's Lack Placid location.  (Doc. #101, p. 44.)

On August 9, 2007, the Cooperative began working on replacing an inoperable generator with a spare generator.  To do so, the power lines leading to the inoperable generator's trailer would have to be de-energized and disconnected.  (Doc. #55, p. 10.) Plaintiff was directed to report to the site with his crew to de-energize the lines.  After de-energizing and disconnecting the lines, plaintiff left the site and reported to another project.

The actual swapping of the spare generator for the inoperable generator was handled by the Cooperative's Substation Superintendent, Pedro Navarro, and his team, Roshard Leavy and Billy Romine, as well as two independent contractors employed by Ring Power.  Once the new generator was installed, Navarro and his team reconnected and re-energized the power lines.  The new generator, however, would not start.

The next morning, plaintiff's supervisor, John Dean, called plaintiff and advised that they were still working on trying to get

-4-

the generator operational and that his assistance was needed. (Doc. #66, p. 15.)   Plaintiff returned to the site with his apprentice, Kyle Altman.   Romine met them at the gate and told plaintiff that there were some wires "crossed up" in the box that he had worked on the day before.  (Doc. #56-1, p. 69.)  Plaintiff was not told that the lines had been re-energized.  Plaintiff told his apprentice to go get his tools and gloves, and the two of them then began removing the wires without first checking to see if the lines were energized.  Plaintiff's apprentice was the first to make contact with the line.  An explosion occurred and both plaintiff and his apprentice suffered burns.  (Doc. #56-1, pp. 68-79.)  The apprentice had to be airlifted to Tampa, Florida to receive treatment for his burns.  (Doc. #55, p. 13.)

On August 13, 2007, plaintiff was terminated and later replaced with Bill Lanier, a twenty-five year old Caucasian employee.   The Cooperative's stated reason for terminating plaintiff was that he violated the most basic safety rule by failing to ensure that the power line being worked on was de-energized prior to commencing work, which could have resulted in the death of his apprentice.

Plaintiff later filed a grievance pursuant to his union's collective bargaining agreement with defendant.  An arbitrator found that, under the circumstances, discipline was warranted but

that termination was too severe a sanction. On July 8, 2008, the arbitrator ordered that plaintiff be reinstated without back pay. The arbitrator's decision was affirmed on appeal. Glades Elec. Coop. v. Int'l Bhd. of Elec. Workers, No. 10-10892, 2011 WL 104090 (Jan. 13, 2011). Defendant was reinstated on February 28, 2011.

## III.

### A. Age Discrimination (Count I)

In Count I of the First Amended Complaint (Doc. #15), plaintiff alleges that his employment was terminated because of age discrimination in violation of the ADEA. The ADEA makes it "unlawful for an employer to fail or . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA applies to individuals who are at least forty years of age. 29 U.S.C. § 631(a). When a plaintiff alleges disparate treatment such as a termination of employment, liability depends on whether his age actually motivated the employer's decision. Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). This requires plaintiff's age to have "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000)(citing Hazen, 507 U.S. at 610)).

-6-

It is undisputed that there is no direct evidence that the termination was because of plaintiff's age.  The Supreme Court has never held that the burden shifting <u>McDonnell-Douglas</u> framework[1] applies to an ADEA claim based upon circumstantial evidence. <u>Reeves</u>, 530 U.S. at 141-42; <u>Gross v. FBL Fin. Servs., Inc.</u>, 129 S. Ct. 2343, 2349 (2009).  The Eleventh Circuit, however, does apply the <u>McDonnell-Douglas</u> framework to such an ADEA claim.  <u>Turlington v. Atlanta Gas Light Co.</u>, 135 F.3d 1428, 1432 (11th Cir. 1998), <u>cert. denied</u>, 525 U.S. 962 (1998); <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1024 (11th Cir. 2000).

> Where, as here, a plaintiff attempts to use circumstantial evidence to establish unlawful discrimination under the ADEA, this court employs the following burden-shifting scheme. Initially, the plaintiff must establish a prima facie case of discrimination. The employer then must respond with a legitimate, nondiscriminatory reason for its actions. In order to prevail, the plaintiff must establish that the employer's articulated legitimate, nondiscriminatory reason was a pretext to mask unlawful discrimination."

<u>Turlington</u>, 135 F.3d at 1432.

A prima facie case of age discrimination can be established if plaintiff shows that he: (1) was a member of the protected age group, (2) was subjected to an adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost

---

[1] <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

a position to a younger individual. <u>Chapman</u>, 229 F.3d at 1024.  If the plaintiff establishes a prima facie case, the defendant employer must articulate a legitimate, nondiscriminatory reason for the challenged employment action.  <u>Id.</u>  The employer's burden, however, is merely one of production; it "need not persuade the court that it was actually motivated by the proffered reasons.  It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." <u>Chapman</u>, 229 F.3d at 1024 (quoting <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 254-55 (1981)).  If the defendant articulates one or more such reasons, the presumption of discrimination is eliminated and "the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable fact-finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." <u>Chapman</u>, 229 F.3d at 1024-25.  If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim.  <u>Id.</u>

Here, plaintiff has established that he was 64-years old, his employment was terminated, he was qualified to do the job, and he

was replaced by a twenty-five year old. Thus, plaintiff has established a prima facie case of age discrimination. Defendant in turn has articulated a legitimate nondiscriminatory reason for plaintiff's termination, namely that plaintiff violated one of the Cooperative's most basic safety rules by failing to check if the line was charged prior to commencing work.[2] Accordingly, plaintiff must proffer sufficient evidence to create a genuine issue of material fact which would allow a reasonable jury to conclude that defendant's stated reason was pretextual and that defendant terminated plaintiff "because of" his age. Plaintiff has failed to carry this burden. Other than stating that he was replaced by a twenty-five year old, plaintiff fails to set forth any facts or argument related to his age discrimination claim. There is simply no evidence from which a reasonable jury could find plaintiff's employment was terminated "because of" plaintiff's age. Therefore, Defendant is entitled to summary judgment as to Count I.

**B. Race Discrimination (Count II)**

In Count II, plaintiff alleges that he was discriminated against based on race because his race was a motivating factor in

---

[2]The Court is not persuaded by plaintiff's collateral estoppel argument. The Court has reviewed the arbitrator's decision and finds that plaintiff misreads the arbitrator's ruling. (Doc. #57-2.) The arbitrator did not hold that defendant's decision to terminate plaintiff was illegitimate or discriminatory, rather the arbitrator held that termination was too severe a sanction.

the termination of his employment.  Again, it is undisputed that there is no direct evidence of such racial discrimination, and defendant relies upon circumstantial evidence. In such a situation, the Court applies the McDonnell Douglas framework. Smith v. Lockheed-Martin Corp., ____ F.3d ____, 2011 WL 2567777, at *2-*4 (11th Cir. June 30, 2011); Burke-Fowler v. Orange Cnty., 447 F.3d 1319, 1323 (11th Cir. 2006).

Where, as here, the plaintiff claims that his employer discharged him on account of his race, the most common formulation of a prima facie case is that plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position held; (3) he was discharged from that position; and (4) that in terminating his employment, his employer treated him less favorably than a similarly situated individual outside of his protected class, i.e. a "comparator". Smith, 2011 WL 2567777, at *2.[3] If the plaintiff makes this showing, he raises a presumption that his race motivated his employer to treat him unfavorably. Id. Once this presumption is raised, "[t]he burden then shifts to the employer to rebut [it] by producing evidence that [the employer's] action was taken for some legitimate, non-discriminatory reason."

_____

[3]The Eleventh Circuit has recognized that other formulations of the prima facie case test do not require a comparator if there is sufficient "other evidence of discrimination." See, e.g., Rioux v. City of Atlanta, 520 F.3d 1269, 1274-77 (11th Cir. 2008).

Id. (quoting EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002).  If the employer meets its burden of production, the presumption of discrimination raised by the plaintiff's prima facie case is rebutted and thus disappears.  Id.  Once the presumption of discrimination is rebutted, the inquiry "'proceeds to a new level of specificity,'" whereby the plaintiff must show the employer's proffered reason to be a pretext for unlawful discrimination.  Id. at *3 (quoting EEOC, 296 F.3d at 1272-73).

Even the lack of comparator evidence, however, is not inherently fatal to a plaintiff's claim.  The McDonnell Douglas framework is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination case.  Smith, 2011 WL 2567777 at *4.  Rather, the plaintiff will survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent.  Id.  "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker."  Id. at *4 (internal footnote and citation omitted.)

Defendant challenges only the fourth element of the prima facie test under McDonnell Douglas.  The fourth element requires

plaintiff to present "comparator" evidence which demonstrates he was treated less favorably than a similarly situated individual outside of his protected class.  To determine whether employees are similarly situated, courts evaluate "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)(citations and quotation marks omitted).  When making that determination, "[w]e require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id. (citation omitted); see also Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1185 (11th Cir. 1984).  "In order to meet the comparability requirement a plaintiff is required to show that he is similarly situated in all relevant aspects to the non-minority employee." Silvera v. Orange Cnty. Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001), cert. denied, 534 U.S. 976 (2001).  In other words, Plaintiff must be "matched with a person or persons who have very similar job-related characteristics and who are in a similar situation" to plaintiff. MacPherson v. Univ. of Montevallo, 922 F.2d 766, 775 (11th Cir. 1991); see also Ren v. Univ. of Cent. Fla., 390 F. Supp. 2d. 1223, 1229-30 (M.D. Fla. 2005), aff'd, 179 F. App'x 680 (2006).  The Eleventh Circuit has stated, however, that "[e]xact correlation is

neither likely nor necessary, but the cases must be fair congeners." Maniccia v. Brown, 171 F.3d at 1369 (quoting Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 19 (1st Cir. 1989)).

Plaintiff argues the following constitutes comparator evidence: (1) An incident in which a female member of the defendant's Board of Trustees accused Jack Coxe, a male member of the Board, of raping her during a company retreat, which plaintiff asserts was not formally investigated and did not result in discipline of Coxe because he is Caucasian; (2) Plaintiff points to his apprentice, Kyle Altman, as a comparator and asserts that it was he who actually caused the explosion, yet he was not disciplined because he is Caucasian; (3) Plaintiff points to the other employees who worked on the generator replacement project and failed to inform plaintiff that the lines were re-energized, failed to report to the Cooperative's Systems Operations (Dispatch) that the lines were energized, and failed to employ the required "lock out/tag out" procedures, yet were not disciplined because they are not African-American; (4) Plaintiff points to two pole hauling incidents in which Cooperative employees violated safety rules and yet were not disciplined; and (5) Plaintiff points to a 2003 incident involving Lead Lineman Mike McDuffie and Apprentice

-13-

Lineman Matt Ward.[4]

The Court finds that only the last incident qualifies as an appropriate comparator.  In the 2003 incident McDuffie, who is Cacucasian, was supervising Ward and gave him the wrong size lightening arrestor for the line. (Doc. #126, p.7.)  When Ward attempted to attach the incorrect arrestor, it caused an explosion and resulted in a flash burn injury to his eye and potentially other parts of his face and body.  (Doc. #126, p.7, Doc. #127, p.5, n. 4, Doc. #111-1.)  McDuffie was not disciplined for his role in this incident.  Defendant argues that this incident is not an appropriate comparator because in 2003, the Cooperative had different disciplinary policies (which were changed in 2006) and McDuffie's direct supervisor at the time, Bill Segert, was not involved in the decision to terminate plaintiff.  While the Cooperative's justification for the difference in discipline may be valid, the Court finds that the incidents are sufficiently similar to serve as comparators for purposes of the prima facie test under McDonnell Douglas. McDuffie and plaintiff were both Lead Linemen responsible for the safety of their crews and in both instances they failed to take basic precautionary measures which resulted in injury to their apprentices.  Since plaintiff has established at

---

[4]According to defendant, Willie Chapple was also involved in this incident.  (Doc. #127, p.6.)

least one valid comparator, he satisfies the prima facie case requirements.

Once this presumption is raised, "[t]he burden then shifts to the employer to rebut [it] by producing evidence that [the employer's] action was taken for some legitimate, non-discriminatory reason." Smith, 2011 WL 2567777 at *3. As the Court has already determined, defendant's stated reason for plaintiff's termination is legitimate and non-discriminatory.

Thus, the burden shifts back to plaintiff to show that the Cooperative's proffered reason is a pretext for unlawful discrimination. With respect to this prong of the McDonnell Douglas framework, the Court may consider all of the evidence in the record, in addition to the comparator evidence outlined above. See Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997)(noting that elimination of the presumption does not imply that the trier of fact no longer may consider evidence previously introduced to establish the prima facie case). After careful review of the record, the Court finds that plaintiff has presented sufficient evidence from which a reasonable jury could infer that the Cooperative's stated reason for plaintiff's termination was pretextual. Additionally, a reasonable jury could conclude that the Cooperative's stated reason was not pretextual. Accordingly, a triable issue of fact exists as to defendant's discriminatory

intent, precluding summary judgment for either party on Count II.

Accordingly, it is now

**ORDERED:**

1. Defendant's Case-Dispositive Motion for Summary Judgment and Supporting Memorandum of Law (Doc. #55) is **GRANTED** to the extent that judgment on Count I will be entered in favor of defendant. The Motion is otherwise **DENIED**. The Clerk shall withhold entry of judgment until the conclusion of the case.

2. Plaintiff's Amended Motion for Summary Judgment (Doc. #69) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of July, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-16-