UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMIE MCDONALD, JR.,

        Plaintiff,

vs.                                   Case No.  2:08-cv-179-FtM-29SPC

GLADES ELECTRIC COOPERATIVE, INC.

        Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant's Motion in Limine (Doc. #94) filed on April 25, 2011.  Plaintiff's Opposition (Doc. #118) was filed on May 18, 2011.  Also before the Court are the following additional motions in limine: Plaintiff's Motion in Limine No. 1 (Doc. #100), to which a Memorandum in Opposition (Doc. #103) was filed; Plaintiff's Motion in Limine No. 2 (Doc. #102), to which a Memorandum in Opposition (Doc. #109) was filed; and Plaintiff's Motion in Limine No. 3 (Doc. #130), to which a Memorandum in Opposition (Doc. #131) was filed.

    Both sides seek to preclude the admission of certain evidence at the trial of this case.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984)(in a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.").  In light of the nature of pre-trial *in limine* motions, the rulings below shall govern the trial, but any party may seek

reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.

**A.  Defendant's Motion in Limine (Doc. #94):**

1.  The Court finds that the evidence summarized in the four bullet points on pages 8-9 is irrelevant to any issue in this case, and that any possible relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time.  The motion in limine is granted as to these items.

2.  The Court finds that the evidence relating to allegations against Jack Coxe summarized on pages 11-12 is irrelevant to any issue in this case, and that any possible relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time.  The motion in limine is granted as to these items.

3.  The Court finds that the evidence relating to comparators summarized on pages 12-17 is admissible in part.  Plaintiff may introduce evidence as to Altman's conduct related to the events of this case, regardless of whether he is a "comparator."  The Court also finds that the evidence related to the 2009 traffic accident, and the October, 2010 accident is relevant and not substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, and considerations of undue delay and waste of time. The motion is denied as to this evidence. The Court does find that evidence relating to the incidents involving Sean Reark, the Southern Gardens Citrus Processing facility and the Lake Josephine substation is irrelevant to any issue in this case, and that any possible relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time. The motion in limine is granted as to these items.

4. The Court finds that neither party will be allowed to re-litigate the appropriateness of the discipline received by plaintiff in the 1990s, but that the fact of the discipline will be admissible. The appropriateness of the prior discipline is irrelevant to any issue in this case, and any possible relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time. The motion in limine is granted to that extent.

5. Evidence of the offer of settlement in approximately 1995 is irrelevant to any issue in this case, and any possible relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time. Such evidence is also inadmissible

under Fed. R. Evid. 408. The motion in limine is granted as to this offer of settlement.

**B.   Plaintiff's Motion in Limine No. 1 (Doc. #100)**

The January 28, 2001 Affidavit of Tommy Todd is not itself being offered by defendant. Therefore, the motion in limine as to the Affidavit is granted. As to Mr. Todd's trial testimony, some of the subject matters are being precluded, and therefore the motion in limine is moot as to those matters. As to other testimony, the Court is unable to rule in an *in limine* fashion, and the parties should be prepared to state any objection to specific testimony at trial. The motion is therefore granted in part and denied in part.

**C.   Plaintiff's Motion in Limine No. 2 (Doc. #102)**

1.   The Court finds that defendant is not collaterally estopped by the 2008 arbitration opinion from presenting evidence and testimony as to the reasons for its termination of plaintiff. This portion of the motion is denied.

2.   The Court doubts that the 1996 arbitration opinion is admissible. Assuming without deciding that it is, neither party will be allowed to challenge the appropriateness of its determination. The motion is granted to that extent.

**D.   Plaintiff's Motion in Limine No. 3 (Doc. #130)**

As with a prior motion, the Court is unable to rule in an *in limine* fashion as to this evidence, and the parties should be

prepared to state any objection to specific testimony at trial. The motion is therefore denied.

Accordingly, it is now

**ORDERED**:

All Motion in Limine is **GRANTED** in part and **DENIED** in part as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of July, 2011.

                                         JOHN E. STEELE
                                         United States District Judge

Copies:

Counsel of record